# AMADOR RIERA CORONAS, as Administrator of the Estate of Pedro Didricksen, Deceased, Plff.,

*v.*

# AMERICAN RAILROAD COMPANY OF PORTO RICO, Dft.

---

Ponce, Law, No. 292.

### ON OBJECTIONS TO BILL OF EXCEPTIONS.

Bill of Exceptions—Allowance.

  1. The objection to the allowance of a bill of exceptions on the ground that a motion for a nonsuit was not made at the conclusion of the plaintiff's evidence, and therefore no exception noted, is not well taken.

Bill of Exceptions—Evidence.

  2. It is not necessary to set out all the evidence taken on all points, but only so much of the evidence as will throw light on the points sought to be reviewed.

Bill of Exceptions—Evidence.

  3. All the evidence taken on a point sought to be reviewed should be fully set out.

Bill of Exceptions—Charge of the Court.

  4. Where it is sought to review the charge of the court, or part of the charge, all of the charge should be set out.

Bill of Exceptions—Evidence—Question and Answer.

  5. It is not necessary to set out the evidence by question and answer, except in the case of a particular question or answer, as what is material is the substance and not the form.

Opinion filed May 24, 1915.

*Mr. José A. Poventud* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

This cause comes on to be heard upon objections of the plaintiff to a proposed bill of exceptions tendered by the defendant.

1. The first objection to the allowance of the bill is that no exception was taken by the defendant, and no motion made by the defendant at the conclusion of plaintiff's evidence, for a nonsuit. The contention is that, this being so, there is no bill of exceptions to be settled. This does not appear to be well taken. It might well be that there was no objection to be made to the admission of the evidence and no propriety in moving for a nonsuit. There might have been enough in the case to go to the jury, and yet, nevertheless, the court might commit an error in regard to a charge upon this evidence. That, as I understand it, is what is alleged was done. A part of the charge of the court is thought by the defendant to be erroneous, and it wishes to take that up for review by the circuit court of appeals.

2. The second objection taken is that, even if exceptions had been taken, the evidence is not fully set out, and citation is made to Third Rose's Code of Federal Procedure, 2938. This is not well taken if it requires, as it seems to, that all the evidence on all the points be set out in the proposed bill. What is sought to be reviewed is one point on the evidence and one point on the pleadings, and only that is required which would throw light upon those two points, so the second objection is not well taken.

Coronas v. American R. Co.

3. The third is that the testimony relating to pecuniary losses is not fully set out, that being one of the points upon which review is sought. This point is conceded to be correctly taken, and the defendant is amending his proposed bill so as to set out the necessary evidence on this head.

4. The next is as to the charge of the court. The court thinks that, while it is not essential, it would be better if the whole charge were set out in each writ of error, because one part refers to another that it is difficult to dissect the charge.

5. Another objection is that the evidence should be inserted by question and answer, as otherwise the bill would become a statement in the nature of a special verdict. It does not appear that this is well taken. The wish of all appellate courts and proper practice seems to be to get before the court the substance of the evidence, and not necessarily the form. So as relates to question and answer, the point is not well taken unless it relates to a particular question or answer,—which does not seem to be the case here.

The defendant will conform its bill of exceptions to these views.